# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-213-DCK

| | |
|---|---|
| LAKEYDA FAISON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| HARRIS TEETER, LLC, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Dismiss" (Document No. 27). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for review. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Plaintiff Lakeyda Faison ("Plaintiff" or "Faison") initiated this action with the filing of her "Complaint" (Document No. 1) on April 19, 2017. The Complaint asserts claims against her former employer Harris Teeter, LLC ("Defendant" or "Harris Teeter") for: (1) race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964; and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964. (Document No. 1, pp. 5-6). "Defendant Harris Teeter, LLC's Answer And Affirmative Defenses" (Document No. 5) was filed on May 12, 2017.

On May 29, 2017, the parties filed their "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 7). The "Certification…" states that the parties "anticipate that this case will involve complex discovery regarding both the

circumstances of Plaintiff's employment and termination and the overall structure of the MDP training." (Document No. 7, p. 1). The parties also indicated their consent to U.S. Magistrate Judge jurisdiction. (Document No. 7, p. 4); see also (Document No. 8). This matter was reassigned to the undersigned Magistrate Judge on May 30, 2017.

On June 6, 2017, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 9). The "…Case Management Plan," *inter alia*, set the following deadlines: discovery completion – **February 16, 2018**; mediation report – **March 1, 2018**; dispositive motions – **March 19, 2018**; and trial – **August 6, 2018**. See (Document No. 9, p. 1).[1] On August 7, 2017, the parties filed a "Designation Of Mediator" reporting that Carl Horn, III had been selected as the mediator for this case. (Document No. 12).

"Defendant's Motion To Amend Answer To Add Counterclaim" (Document No. 10) was allowed on August 18, 2017. (Document No. 14). By the "…Amended Answer And Counterclaim," Defendant contends that actions for breach of contract and unjust enrichment arise out of the same transaction and occurrence that is the subject matter of Plaintiff's claims and that Plaintiff must reimburse Defendant for relocation expenses and overpayment of wages. (Document No. 15, pp. 9-11). "Defendant Harris Teeter, LLC's Second Amended Answer And Counterclaim" (Document 24), correcting a typographical error, was filed on December 4, 2017. Defendant requests that Plaintiff be "ordered to pay Defendant the sum of $9,715.45," as well as "its costs and reasonable attorney's fees." (Document No. 24, pp. 11-12).

On December 6, 2017, the undersigned granted Plaintiff's counsel's "Second Motion To Withdraw" (Document No. 22). In that Order, Plaintiff was advised that until she had new "counsel file a Notice of Appearance, she shall continue *pro se* and must abide by the 'Pretrial

---

[1] On September 21, 2017, the trial date was reset for August 20, 2018.

Order And Case Management Plan' (Document No. 9), the Local Rules of this Court, and the Federal Rules of Civil Procedure." (Document No. 22).

*Pro se* Plaintiff filed the pending "Motion To Dismiss" on January 11, 2018, requesting that this case be dismissed without prejudice because she is now without counsel. (Document No. 27). Defendant's "Response To Plaintiff's Motion To Dismiss" (Document No. 28) was filed on January 24, 2018. Defendant requests that Plaintiff's motion for voluntary dismissal be denied, or in the alternative, that Plaintiff's claims be dismissed *with* prejudice and the Court retain supplemental jurisdiction over Defendant's counterclaims. (Document No 28). Plaintiff has failed to timely file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1 (e).

## DISCUSSION

The undersigned notes that all the deadlines in this case have passed, and that this matter is currently set for trial during the term beginning August 20, 2018. It appears, however, that the parties have failed to participate in a mandatory mediated settlement conference and have failed to file a mediation report. See Local Rule 16.2.

In addition, although the parties stated that this case involves complex discovery, and Defendant has alleged noticing Plaintiff's deposition four (4) times (apparently without success), neither side has filed a motion for an extension of time to complete discovery, or a motion to compel discovery. See (Document Nos. 7 and 28). Defendant has also declined to file a motion for summary judgment on its counterclaims, and the time to do so has lapsed.

The undersigned notes that the Local Rules of this Court require that "[a]ll parties to a civil action must attend a mediated settlement conference, unless otherwise ordered by the Court." See Local Rule 16.2. Besides mediation being mandatory, the undersigned observes that this matter appears like a strong candidate for settlement, and that the parties have selected an extremely

capable mediator.² The parties are respectfully reminded that the "…Case Management Plan," provides that "[f]ailure to comply with any of the provisions of this Order may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure." (Document No. 9, p. 11).

Based on the foregoing, the undersigned will direct both parties to file a Status Report and show cause why *all* the claims and counterclaims in this matter should not be dismissed *with* prejudice. The Status Reports should also explain: why a mediation report has not been filed; when the parties intend to file a mediation report; and what, if any, discovery or motions practice either party seeks before this matter proceeds to trial. The parties' failures to date, and/or failure to make an appropriate filing as directed herein, may result in sanctions that could include dismissal of any or all of the claims in this lawsuit.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Dismiss" (Document No. 27) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall file a Status Report on or before **May 31, 2018**, and **SHOW CAUSE** why this case should not be dismissed with prejudice.

<u>The Clerk of Court shall send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested</u>.

**SO ORDERED**.    Signed: May 15, 2018

*[signature]*
David C. Keesler
United States Magistrate Judge

---

² If this matter is not dismissed in its entirety, *pro se* Plaintiff might consider requesting an opportunity to participate in the Court's "Pro Se Settlement Assistance Program." <u>See</u> Local Rule 16.4.