# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-213-DCK

| | |
|---|---|
| LAKEYDA FAISON, | ) |
|       Plaintiff, | ) |
| v. | )   **ORDER** |
| HARRIS TEETER, LLC, | ) |
|       Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Harris Teeter, LLC's Motion To Dismiss Plaintiff's Claims For Failure To Prosecute Or In The Alternative Compel Plaintiff's Deposition" (Document No. 32). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for review. Having carefully considered the motion and the record, the undersigned will grant the motion in part, and deny the motion in part.

## BACKGROUND

Plaintiff Lakeyda Faison ("Plaintiff" or "Faison") initiated this action with the filing of her "Complaint" (Document No. 1) on April 19, 2017. The Complaint asserts claims against her former employer Harris Teeter, LLC ("Defendant" or "Harris Teeter") for: (1) race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964; and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964. (Document No. 1, pp. 5-6). "Defendant Harris Teeter, LLC's Answer And Affirmative Defenses" (Document No. 5) was filed on May 12, 2017.

On May 29, 2017, the parties filed their "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 7). The "Certification…" states that the parties "anticipate that this case will involve complex discovery regarding both the circumstances of Plaintiff's employment and termination and the overall structure of the MDP training." (Document No. 7, p. 1). The parties also indicated their consent to U.S. Magistrate Judge jurisdiction. (Document No. 7, p. 4); see also (Document No. 8). This matter was reassigned to the undersigned Magistrate Judge on May 30, 2017.

On June 6, 2017, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 9). The "…Case Management Plan," *inter alia*, set the following deadlines: discovery completion – February 16, 2018; mediation report – March 1, 2018; dispositive motions – March 19, 2018; and trial – August 6, 2018. See (Document No. 9, p. 1). On August 7, 2017, the parties filed a "Designation Of Mediator" reporting that Carl Horn, III had been selected as the mediator for this case. (Document No. 12).

"Defendant's Motion To Amend Answer To Add Counterclaim" (Document No. 10) was allowed on August 18, 2017. (Document No. 14). By the "…Amended Answer And Counterclaim," Defendant contends that actions for breach of contract and unjust enrichment arise out of the same transaction and occurrence that is the subject matter of Plaintiff's claims and that Plaintiff must reimburse Defendant for relocation expenses and overpayment of wages. (Document No. 15, pp. 9-11).

Plaintiff's counsel filed a "Consent Motion To Withdraw" (Document No. 22) on December 1, 2017. The Court found that the motion did not fully comply with Local Rule 83.1 and denied the motion without prejudice. (Document No. 23).

"Defendant Harris Teeter, LLC's Second Amended Answer And Counterclaim" (Document 24), correcting a typographical error, was filed on December 4, 2017. Defendant requests that Plaintiff be "ordered to pay Defendant the sum of $9,715.45," as well as "its costs and reasonable attorney's fees." (Document No. 24, pp. 11-12).

Plaintiff's counsel filed a "Second Motion To Withdraw" (Document No. 22) on December 5, 2017. In that filing, Plaintiff's counsel stated that Plaintiff consented to her withdrawal and wished "to terminate the attorney-client relationship and seek new counsel to represent her in this matter." (Document No. 25, p. 1). Counsel also noted that "Plaintiff's address is 489 Denman Loop Road, Columbia, SC 29229." Id. The motion included a signed "Notice Of Plaintiff's Consent To Counsel's Withdrawal From Representation" affirming Plaintiff's consent and intention to seek new counsel. (Document No. 25-1). On December 6, 2017, the undersigned granted Plaintiff's counsel's "Second Motion To Withdraw" and advised Plaintiff that until new "counsel file[d] a Notice of Appearance, **she shall continue *pro se* and must abide by the 'Pretrial Order And Case Management Plan' (Document No. 9), the Local Rules of this Court, and the Federal Rules of Civil Procedure**." (Document No. 26) (emphasis added).

Just a few weeks later, *pro se* Plaintiff then filed a "Motion To Dismiss," requesting that the Court "dismiss the case without prejudice on the grounds that I no longer have legal counsel and would be represented Pro Se." (Document No. 27). Defendant's "Response To Plaintiff's Motion To Dismiss" (Document No. 28) was filed on January 24, 2018. Defendant argued that Plaintiff's motion for voluntary dismissal be denied, or in the alternative, that Plaintiff's claims be dismissed *with* prejudice and the Court retain supplemental jurisdiction over Defendant's counterclaims. (Document No 28). Defendant effectively argued that it would be "unduly and unfairly prejudiced" if the Court dismissed this case without prejudice when it had incurred

substantial expenses conducting discovery and had filed two compulsory counterclaims.  Id.  Plaintiff failed to timely file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1(e).

On May 16, 2018, the undersigned issued an Order denying Plaintiff's "Motion To Dismiss" (Document No. 27).  (Document No. 29).  The undersigned noted that

> all the deadlines in this case have passed, and that this matter is currently set for trial during the term beginning August 20, 2018.  It appears, however, that the parties have failed to participate in a mandatory mediated settlement conference and have failed to file a mediation report.  See Local Rule 16.2.
>
> In addition, although the parties stated that this case involves complex discovery, and Defendant has alleged noticing Plaintiff's deposition four (4) times (apparently without success), neither side has filed a motion for an extension of time to complete discovery, or a motion to compel discovery.  See (Document Nos. 7 and 28).  Defendant has also declined to file a motion for summary judgment on its counterclaims, and the time to do so has lapsed.

(Document No. 29, p. 3).

The undersigned then directed both parties to file a Status Report and show cause why all the claims and counterclaims should not be dismissed.  (Document No. 29, p. 4).  The undersigned advised that "[t]he parties' failures to date, and/or failure to make an appropriate filing as directed herein, **may result in sanctions that could include dismissal of any or all of the claims in this lawsuit**."  Id.  (emphasis added).  Defendant filed a timely "Status Report" (Document No. 30) on May 29, 2018;  however, Plaintiff failed to file a report.

The undersigned issued an Order (Document No. 31) on June 7, 2018 setting revised deadlines as follows:  completion of discovery/Plaintiff's deposition - July 13, 2018;  mediation report – August 1, 2018;  summary judgment motions – August 30, 2018;  and trial – November

4

26, 2018.  The Court advised that "[f]urther extension of these deadlines is unlikely and **failure to comply with this Order by either party may result in sanctions**."  (Document No. 31, p. 2).

Now pending is "Defendant Harris Teeter, LLC's Motion To Dismiss Plaintiff's Claims For Failure To Prosecute Or In The Alternative Compel Plaintiff's Deposition" (Document No. 32), filed on July 12, 2018.  Plaintiff filed a letter response on July 26, 2018.  (Document No. 38). Defendant's "…Reply In Further Support…" (Document No. 39) was filed on August 2. 2018.

On July 19, 2018, the undersigned received a letter from mediator Carl Horn, III, reporting that Plaintiff had failed to appear for her properly noticed deposition on July 12, 2018, and had also failed to appear for the parties' mediation on July 13, 2018.  (Document No. 37).

"Defendant Harris Teeter, LLC's Motion For Extension Of Time To File A Dispositive Motion" (Document No. 40) was filed on August 16, 2018.  The Court granted the motion, holding that the parties would be allowed to file motions for summary judgment within fourteen (14) days of a decision on the pending motion or completion of Plaintiff's deposition.  (Document No. 41).

The undersigned observes that this Court's most recent Orders have been sent to *pro se* Plaintiff by certified U.S. mail at the address provided by her in the "Notice Of Plaintiff's Consent To Counsel's Withdrawal…" (Document No. 25-1) on December 5, 2017, and provided as a return address for her letter/response (Document No. 38-1) on or about July 26, 2018;  nevertheless, the Court's Orders continue to be returned as "undeliverable."  See (Document Nos. 35, 36, 42, 43, and 44).

The pending motion is now ripe for review and disposition.

## DISCUSSION

By the instant motion, Defendant argues that Plaintiff's claims should be dismissed with prejudice for failure to prosecute.  (Document Nos. 32, 33).  In support of its motion, Defendant

5

notes that as of the date of that filing, Plaintiff has been noticed on five (5) separate occasions to appear for her deposition but has never appeared. (Document No. 33). Defendant contends that Plaintiff's failure to participate in the discovery process warrants dismissal of this action. Id. In the alternative, Defendant requests that Plaintiff be compelled to attend her deposition. Id.

In response, Plaintiff sent a letter to the undersigned on or about July 26, 2018. (Document No. 38). Plaintiff's response reports that her father passed away in April 2018, and that as of late July 2018, she was approximately seven (7) months pregnant with "a high risk pregnancy." Id. Plaintiff also states that she was quite upset to find out that her deposition and the mediation "were planned and held without ensuring that [she] was properly notified." Id.

In reply, Defendant states the following:

> Harris Teeter appreciates the hardships that Plaintiff describes in her letter and understands the difficulties that can come with pregnancy. However, Plaintiff chose to bring this action and the resulting litigation has caused Harris Teeter to expend significant time and financial resources in defending itself and prosecuting its counterclaims for money that Plaintiff contractually owes but refuses to pay. The interests of justice cannot be served by granting Plaintiff a dismissal of all claims without prejudice just so she can, as she admits in her letter, retain an attorney and start this entire process over from the beginning at a later date. This would not be fair or just to Harris Teeter.

(Document No. 39, pp. 1-2).

Defendant also notes that Plaintiff's response does not provide the Court and counsel with her current address. (Document No. 39, p. 3). Defendant suggests that Plaintiff's filing thus violates Fed.R.Civ.P. 11.

The undersigned is also sympathetic to the hardships Plaintiff has shared with the Court; but agrees with Defendant that these hardships do not excuse her ongoing neglect of the lawsuit she filed. Plaintiff's suggestion that she was not "properly notified" about key events in this action

6

is without merit.  The Court, Defendant, and the mediator have all made significant efforts to communicate with Plaintiff.  It is Plaintiff who has repeatedly failed to prosecute this action, participate in the discovery process, and properly respond to the Court's Orders.

Based on the foregoing and Defendant's briefs, there is a compelling argument for dismissing Plaintiff's claims with prejudice;  however, after careful consideration of all the circumstances of this case, the undersigned will instead allow Defendant's alternative request for relief and direct that Plaintiff appear for a deposition.  Defendant may issue a final Notice of Deposition, that gives Plaintiff **at least four (4) weeks'** notice of a deposition to be held in Charlotte, North Carolina.  The deposition shall be completed by **November 30, 2018**.

If Defendant decides not to conduct a deposition, or if Plaintiff fails to appear for a properly noticed deposition, Defendant may immediately file a motion for summary judgment on all claims.  Plaintiff is respectfully advised that if she continues to fail to participate in this lawsuit, she is likely to face sanctions from the Court and/or a judgment against her that includes the damages sought by Defendant.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Harris Teeter, LLC's Motion To Dismiss Plaintiff's Claims For Failure To Prosecute Or In The Alternative Compel Plaintiff's Deposition" (Document No. 32) is **GRANTED in part and DENIED in part**.  Defendant's request for dismissal is **DENIED**;  however, *pro se* Plaintiff is **ORDERED** to appear for a deposition on or before **November 30, 2018**.

**IT IS FURTHER ORDERED** that the parties may file summary judgment motions on or before **December 14, 2018**.

**IT IS FURTHER ORDERED** that a trial in this matter, if necessary, will be held during the undersigned's civil term beginning **February 19, 2019**.

The Clerk of Court shall send a copy of this Order to *pro se* Plaintiff by certified U.S. mail, return receipt requested, **and** by email at the address provided at (Document No. 39-1, p. 5).

**SO ORDERED**.

Signed: October 3, 2018

David C. Keesler
United States Magistrate Judge